*Pollok v. Office of the Sheriff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty.

PRESENT:  PETER W. HALL,
              GERARD E. LYNCH,
              STEVEN J. MENASHI
                    *Circuit Judges*.

_____

Isabella Pollok, Lawrence Ray, Talia Ray, Felicia Rosario,

        *Plaintiffs-Counter-Defendants-Appellants*,

        v.                        19-2298

Lee Chen,

*Defendant-Counter-Claimant-Appellee*,

Office of the Sheriff of the City of New York, Deputy Sheriff Bernard Waites, Sergeant Ramos, 32nd precinct, New York City Police Department,

*Defendants-Appellees*.

_____

| | |
|---|---|
| For Appellants: | GLENN H. RIPA, Law Office of Glenn H. Ripa, New York, New York. |
| For City Appellees: | ELINA DRUCKER (Devin Slack, Scott Shorr, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York. |
| For Appellee Chen: | No appearance. |

Appeal from an order and a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Appellants appeal from an order of the district court entered March 27, 2018, dismissing two of Appellants' causes of action and a judgment entered July 11, 2019, dismissing Appellants' remaining causes of action. We assume the parties'

familiarity with the underlying facts, the record of prior proceedings, and the arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

Appellants Lawrence Ray ("Ray"), Felicia Rosario, Talia Ray, and Isabella Pollok lived in an apartment Ray was subletting from Lee Chen ("Chen"). Chen initiated eviction proceedings against Ray in New York state court, and in March 2015 the court awarded Chen a judgment of possession. Ray appealed, and in October 2015 an appeals court affirmed the judgment and lifted a stay that had been placed on the corresponding warrant of eviction. On November 9, Defendant-Appellee Deputy Sheriff Bernard Waites served Ray a five-day notice of eviction. Ray moved for leave to again appeal the judgment. Execution of the warrant of eviction was once again stayed pending a decision on the motion for leave to appeal. On November 30, the appeals court denied the motion and lifted the stay on executing the warrant. Eight days later, Deputy Sheriff Waites effected the eviction pursuant to the November 9 notice of eviction, restored constructive possession of the apartment to Chen, and instructed Chen to deliver to Ray "upon [his] demand, any such contents to which [he is] entitled." App. at 41, 76.

The next day, Ray filed, and the court signed, an order for Chen to show cause on December 11 why an order should not be entered setting aside the eviction for failure to serve a new notice of eviction. The order allowed Ray to return to the premises to retrieve some belongings in the interim, but it was unclear to which belongings it referred. The second page of the order directed that Ray "be allowed to immediately return to [and enter] the premise accompanied by the New York City Police . . . to secure property he needs immediately including but not limited to his prescription medication and the prescription medication of" Rosario and Pollok. App. at 79. The first page, however, bore a handwritten note reading "supervised access 12/10/15 – from 12-1 pm for [Ray] to remove meds." App. at 78. On December 10, Ray, accompanied by NYPD officers and a locksmith (as permitted by the order if Chen did not provide access), gained access to the apartment. Ray complains that Defendant-Appellee NYPD Sergeant Ramos, who arrived on the scene with Chen and was allegedly acting at his behest, "unlawfully, wrongfully and arbitrarily limited the property that [Ray] and his co-tenants could take" and required them to put some property back, including unopened mail addressed to them. App. at 63.

4

On December 11, a New York state court denied Ray's motion to retake possession of the premises temporarily, because "it is well settled" that the only alleged illegality in the eviction, "does not impact the legality of the eviction as to Petitioner." App. at 45-46. The court further explained that the parties could pursue conversion claims in a plenary action. Appellants thereafter sued Chen in New York County Supreme Court, asserting claims of conversion and seeking access to the premises.

## II.

Appellants then initiated suit in federal court asserting four causes of action under 42 U.S.C. § 1983 against: (1) defendants NYC Office of the Sheriff and Deputy Sheriff Bernard Waites for violating Appellants' Fourth and Fifth Amendment rights in connection with an allegedly illegal eviction; (2) defendants New York City Police Department and NYPD Sergeant Ramos for violating Appellants' Fifth Amendment rights by interfering with their ability to recover items from the apartment in accordance with a court order; and (3) Chen for conspiring in both of the previously mentioned events.

The district court granted a motion to dismiss filed by Defendants NYC Office of the Sheriff, Deputy Sheriff Bernard Waites, NYC Police Department, and

5

Sergeant Ramos (collectively the "City Defendants"). It ruled that Appellants could not establish that the Sheriff's Office or Deputy Sheriff Waites violated the Fourth Amendment in delivering possession of the premises to Chen pursuant to a validly issued warrant of eviction. The court further dismissed the Fifth Amendment claim because it was brought against municipal, not federal, agents but explained that the claim would fail even as a Fourteenth Amendment claim because of a lack of supporting case law and because adequate post-deprivation remedies existed. The district court later granted Chen's motion for judgment on the pleadings. Plaintiffs timely appealed.

III.

At oral argument, counsel for the City Defendants suggested for the first time that we lack appellate jurisdiction to review the judgment to the extent that it dismissed NYPD Sergeant Ramos and Deputy Sheriff Waites, as opposed to the NYC Office of the Sheriff and the NYC Police Department, because Appellants' notice of appeal referred to the grant of the "Defendant, the City of New York's motion" as the order appealed from. We disagree.

Construed liberally, Appellants' notice of appeal evinces an intent to appeal the entirety of the order granting the City's motion. *See Shrader v. CSX Transp.,*

*Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account."). The notice of appeal states that it is appealing from an order "granting the Defendant, the City of New York's motion dismissing the Plaintiffs' first and second causes of action . . . entered in this action on the 27th day of March 2018." App. at 184, 187. That order resolved one joint motion to dismiss filed by the Corporation Counsel of the City of New York, who represents all of the City Defendants, which sought dismissal of the claims against *each* City Defendant. It is clear that the Appellants intended to appeal the entirety of the order granting that motion, particularly because the City of New York itself was not actually a party to the motion, but the "City" employees, "City" Sheriff's Office, and "City" Police Department were. Moreover, Appellants' notice of appeal complied with the requirements set forth in Fed. R. App. P. 3(c) by specifying the parties taking the appeal by name, designating the order or judgment being appealed from, and naming this Court as the court to which the appeal is taken. The rule does not require a notice of appeal to name each individual defendant that brought the motion giving rise to the appeal. *See* Fed. R. App. P. 3(c).

"We review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b) (6)," asking "whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In so doing, we "accept[] as true all well-pleaded factual allegations in the complaint [and] draw[] all reasonable inferences in favor of the nonmoving party." *Gamm*, 944 F.3d at 462 (internal quotation marks and citation omitted). But we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). We may consider, in addition to the factual allegations in the complaint, "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

8

*West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons explained below, we hold that Appellants have not alleged a violation of a legal right.

First, Appellants' Fourth Amendment argument fails. This would be true even if Appellants were not precluded from arguing that the eviction was unlawful by virtue of the state court's final decision on the matter. At oral argument, Appellants asserted that the New York City Marshals Handbook of Regulations directs the Marshal to serve a new notice of eviction when a stay on the warrant of eviction has expired, Appellants cite no law for the proposition that a failure to do so makes the eviction illegal, and we have found none. *Cf. Presidential Mgt. Co. v. Farley*, 78 Misc. 2d. 610, 612 (App. Term 1974) (explaining that although an eviction carried out "in violation of the regulations promulgated by the New York City Commissioner of Investigations may give rise to an action against the Marshal for damages and/or disciplinary proceedings, his actions do not affect the validity of the judgment" of eviction).

Nor was the eviction unreasonable. *See Soldal v. Cook County*, 506 U.S. 56, 71 (1992) ("Reasonableness is . . . the ultimate standard under the Fourth Amendment."). "To determine whether a seizure is unreasonable, a court must 'balance the nature and quality of the intrusion on the individual's Fourth

9

Amendment interests against the importance of the governmental interest alleged to justify the intrusion' and determine whether 'the totality of the circumstances justified [the] particular sort of . . . seizure'." *Carroll v. Cty. of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (alterations in original) (citing *Tenneessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Where, as here, "officers were acting pursuant to a court order . . . a showing of unreasonableness . . . would be a laborious task indeed." *Soldal*, 506 U.S. at 71. Appellants' asserted Fourth Amendment interests—whether freedom from an unreasonable seizure of the apartment itself or their personal property in the apartment or both—do not overcome the state's interest in effectuating a valid warrant of eviction and thereby carrying out orders of the state courts and returning property to its rightful owner. The eviction as alleged does not constitute an unreasonable seizure in violation of the Fourth Amendment, and we affirm the district court's dismissal of those claims.

Second, Appellants' due process claims, brought under the Fifth Amendment, fail. As the district court held, "[t]he Fifth Amendment regulates due process violations by federal, not state or municipal, actors." App. at 162 (citing *Dusenbery v. United States* 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of

the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'")). But Appellants' claim would fail even had they denominated it as arising under the Fourteenth Amendment. Assuming, *arguendo*, that Appellants could begin to establish a due process violation by alleging that they did not receive a new notice of eviction, even though they had extensive opportunities to be heard before the actual eviction, or by alleging that they were interrupted while removing their possessions, the availability of post-deprivation remedies render such claims nonviable. A procedural due process claim may be defeated if there is a meaningful post-deprivation state-law remedy when the claim is "based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996). Here, Appellants did not base their due process claim on established state procedures, and the record demonstrates that extensive post-deprivation remedies were available to secure the relief sought in the amended complaint, which requested the return of the value of the property left behind in the apartment and punitive damages. Appellants further utilized some of these remedies, including securing an order granting them an opportunity to return to the apartment to take certain possessions and bringing a plenary conversion action against Chen.

11

Nor did the Appellants adequately plead a substantive due process claim. In order to state such a claim, "a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (quoting *City of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). Neither set of facts giving rise to the alleged due process violation—the failure to serve a new notice of eviction or stopping Appellants from removing items from the apartment and instructing them to return some items—shocks the conscience. The district court did not err in dismissing Appellants' due process claims.

The district court also did not err in granting judgment in favor of Chen. As Magistrate Judge Parker explained in her Report and Recommendation, which was adopted by Judge Nathan, Appellants conceded "that the claims against Chen fail if the claims against the City Defendants fail." App. at 177. Because we hold the claims against the City Defendants were properly dismissed and because Chen is not a state actor who could otherwise be liable under 42 U.S.C. § 1983, we affirm the judgment in favor of Chen.

\* \* \*

We have considered Appellants' remaining arguments and find them to be

without merit.  We hereby **AFFIRM** the order and judgment of the district court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court